MONROE SHELTON ALIAS JERRY v. STATE.

No. 4273. Decided February 19, 1908.

1.—Burglary—Charge of Court—Consent.

Where upon trial for burglary, the court charged that if defendant was admitted to the house by the watchman or any other person in authority, and he by reason of such permission and consent of said watchman entered said house, he would not be guilty as charged, and if so, or in case of a reasonable doubt, the jury should acquit, the same was favorable to defendant, and he could not complain.

2.—Ownership.

Where one has the control, care and management of the property alleged to have been stolen, he can be alleged to be the owner in fact.

3.—Same—Sufficiency of Evidence.

See opinion for evidence held to be sufficient to sustain a conviction of burglary.

4.—Same—Charge of Court—Accomplice.

Where upon trial for burglary, the evidence showed that the watchman who handed defendant some of the property which the latter was charged with having stolen, had authority to enter any part of the building, said watchman could not be guilty of burglary, although he might have been guilty of theft, and there was no error in failing to charge on accomplice testimony.

5.—Same—Jury and Jury Law—Bill of Exceptions.

Where there was no bill of exceptions with reference to objections to some of the jurors in a trial for burglary, the same could not be considered on appeal.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*C. E. & A. E. Heidingsfelder,* for appellant.—On question of charge of court; Bird v. State, 48 Texas Crim. Rep., 188; 90 S. W. Rep., 651.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at five years confinement in the penitentiary.

The evidence shows that appellant was acting as porter, and his duty was to clean up a certain office of the Peden Iron & Steel Company. That on the night of June 18, 1906, or the following morning early, about six or seven o'clock, he went to the building to perform his duties as such porter, and entered the room through a window. The testimony fairly makes it appear that he had consent or authority to so enter the building, or that particular room of the building. He was acting as substitute for his brother in the discharge of these matters,—the brother being temporarily disabled by sickness. The burglarious entry was charged to have been committed with the intent to steal. Appellant's

duties were confined to cleaning up the office, making fires and sweeping. In the other part of the building appellant had no right, and in order to get into that portion of the house from which the goods were taken, a forcible entry was necessary. Without stating the facts in detail, it is shown that appellant took from that portion of the building to which he had no right of entry quite a lot of solder. While removing it from the building he was detected. He went away to secure a horse and vehicle for the purpose of removing the property, and returned to take it away.

Appellant left the City of Houston, and it was practically a year before he was arrested. Sullivan was the alleged owner. His testimony shows that he was in the actual care, control and management of the property and the premises. This was a sufficient allegation of ownership under our statutes, and it was not necessary to charge the ownership in the Iron & Steel Company. This question has been discussed and decided so often we deem it unnecessary to treat the matter further.

Appellant contends that he had authority to enter the building which, as to the office mentioned, supra, is sufficiently shown, and it may be conceded for the disposition of the case, that he was admitted by the watchman in charge of the house, which, however, was denied by said watchman. Be that as it may, we will treat the case as if he had full authority to enter that office through the window to discharge the duties required of him. In this connection the court charged the jury, "If defendant was admitted to the house by the watchman or any other person in authority, and he by reason of the permission and consent of said watchman entered said house, he would not be guilty as charged, and if you so find or if you have a reasonable doubt thereof find the defendant not guilty." It is contended that this is error. This charge, we think is fully favorable to appellant. If he had the authority to enter the house, or was admitted into it by anyone in authority, the jury were instructed to acquit. That he did not have authority to enter any portion of the house except the office, is fully shown by the State's testimony, and it would seem this charge authorized the jury in acquitting if he entered any other portion of the house. This is testified by himself to the effect that the watchman not only gave him permission to enter, but went with him and assisted him in taking the property. The watchman had authority to go all over the house, and all through it; had keys to the different apartments. If appellant was admitted by the watchman into that portion of the house from which the property was taken, the jury were instructed to acquit, or if he was permitted by authority of anybody who had a right to grant such authority, he should be acquitted. We think this charge is quite favorable to appellant. The watchman, however, testified that he was not there when appellant entered the house, knew nothing about it; that he had left the building somewhere about five o'clock in the morning.

It is further contended by appellant that the evidence is not sufficient to support the conviction. We have stated sufficiently, without going

into further detail, the testimony showing that the jury were justified in their verdict.

It is contended the court should have charged on accomplice testimony, inasmuch as defendant testified that the watchman in charge let him into the building through an open window, and after he had been admitted into the building the watchman handed him a sack containing fifty-two bars of solder with instructions to take them immediately to a tinner. It is contended this evidence on the part of appellant raised the issue of accomplice testimony. We are of opinion that it does not, for the reason that if the watchman gave appellant the property with instructions to dispose of it, there would be no burglary. The watchman had a right to enter the building, any part of it. This trial was not for theft of the property, but for the burglary. A burglarious entry with the intent to commit theft is not constituted by an entry on the part of the one who has authority to do so. It does not follow, however, that because the party has the right of entry that he might not be guilty of theft, although the entry was with consent of the owner. The watchman slept in the building and had control of it as a watchman while on duty. He did not have the right to enter it for the purpose of committing theft, but to hold and take care of the property for the owner. Of course, the watchman had authority to enter any part of the building, and if he did so turn the property over to appellant, there could be no burglary, and we are of opinion the court sufficiently charged this in the language quoted supra.

There is some question raised with reference to some jurors, but this is only made a ground of the motion for a new trial. There was no bill of exceptions reserved. There is nothing in the record outside of the allegation in the motion for a new trial in regard to the jury question. It, therefore, cannot be considered or revised. The facts are not before us in regard to this matter. Those matters pertaining to evidence will not be discussed because bills of exception are not reserved.

As the case is presented, we are of opinion that it should be affirmed, and it is so ordered.

*Affirmed.*